UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILBERT BRODIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 09-1008 (ESH) |
| ) | Criminal No. 02-0190 (ESH) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

FILED
JUN 2 2 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**

In 2005, a jury convicted petitioner of conspiracy to make false statements to financial institutions to obtain mortgage loans, in violation of 18 U.S.C. § 371, and of three counts of wire fraud, in violation of 18 U.S.C. § 1343. Petitioner was sentenced to 57 months of imprisonment and ordered to pay $355,449.70 in restitution. The conviction and sentence were affirmed on appeal. *See United States v. Brodie*, 524 F.3d 259 (D.C. Cir. 2008). Before the Court is petitioner's motion to vacate his convictions pursuant to 28 U.S.C. § 2255, based on alleged ineffective assistance of counsel, denial of due process, and prosecutorial misconduct. For the reasons set forth below, the motion will be denied.

The vast majority of petitioner's claims, whether labeled as ineffective assistance of counsel, denial of due process, or prosecutorial misconduct, relate to his contention that the government failed to prove that the lenders that he defrauded were insured by the FDIC. This argument was considered and rejected by the D.C. Circuit on direct appeal. *See Brodie*, 524 F.3d at 274. On appeal, petitioner argued that this Court's forfeiture order should be reversed because

the government had failed to prove that the lenders were FDIC-insured institutions. The D.C. Circuit rejected the claim, noting that the government had "introduced affidavits from the FDIC's Assistant Executive Secretary certifying that the lenders are FDIC-insured." *Id.* While petitioner now provides a letter from the FDIC indicating that certain *other* mortgage lenders are not FDIC-insured, this fact is irrelevant because the government neither alleged nor was it required to prove that every defrauded lender was FDIC-insured.[1] Therefore, petitioner's counsel was not ineffective for failing to object on this basis nor did the prosecutor engage in misconduct by failing to highlight this issue.

Likewise, petitioner's claims that his counsel was ineffective in failing to move for judgment of acquittal (Mot. at 6) and that he was denied his right to confront and cross-examine his accusers (Mot. at 9) were raised and rejected on appeal. *See Brodie*, 524 F.3d at 273-74. "It is well established in the federal circuits that a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction, absent an intervening change in the law." *United States v. Greene*, 834 F.2d 1067, 1070 (D.C. Cir. 1987) (citation omitted). As there have been no changes in the law since petitioner's appeal, he may not relitigate these issues.

Petitioner also raises a number of other claims based on alleged ineffective assistance of counsel that were not raised on appeal. Specifically, petitioner contends that his trial counsel was ineffective because he failed to challenge the indictment and verdict form as defective, the imposition of a forfeiture penalty as unsupported by the law, and the wire fraud charges based on

---

[1] Consistent with the instructions relating to Count I, the jury found that petitioner had defrauded FDIC-insured banks. However, it was proper for the government to include non-FDIC-insured mortgage lenders as part of its case since this element was not essential to the wire fraud charges.

2

the fact that the prosecution did not supply evidence that a co-conspirator was working in the title office(s) and because he filed an objection to the Presentence Investigation Report in which he erroneously stated that petitioner was not a United States citizen. (*See* Mot. at 5-7.)

To establish ineffective assistance of counsel, petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Even assuming that counsel's representation was defective (which it was not), petitioner cannot demonstrate prejudice. As the D.C. Circuit found, "the record is not devoid of evidence supporting each element of both offenses [of which petitioner was convicted] - - the documentary evidence alone demonstrates Brodie's extensive involvement in the scheme" and "the evidence of Brodie's guilt was overwhelming." *Brodie*, 524 F.3d at 273 (citation and internal quotation marks omitted). Moreover, the forfeiture ordered by this Court was authorized pursuant to 18 U.S.C. § 982(a). *See id.* (noting that, pursuant to 18 U.S.C. § 982(a)(2)(A), "a person convicted of violation of, or a conspiracy to violate [18 U.S.C. § 1343] affecting a financial institution [must] forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation"). In addition, petitioner previously represented to this Court and to the D.C. Circuit that he is not a U.S. citizen and sought to challenge his conviction before both courts based on this fact. *See Brodie*, 524 F.3d at 266 n.4, 271-72, Court's Order filed July 19, 2005. Even if petitioner could reverse course now, he does not indicate how he was prejudiced by any alleged error.

Finally, to the extent that they were not raised on appeal, petitioner's claims of alleged denial of due process and prosecutorial misconduct are procedurally defaulted. "The procedural default rule generally precludes consideration of an argument made on collateral review that was not made on direct appeal, unless the defendant shows cause and prejudice." *United States v. Hughes*, 514 F.3d 15, 17 (D.C. Cir. 2008) (citations omitted). This rule applies to claims other than those based on ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 504-09 (2003). Petitioner has failed to demonstrate cause for his failure to raise previously issues involving alleged due process violations or prosecutorial misconduct, nor has he demonstrated any actual prejudice.[2]

For the foregoing reasons, petitioner's motion to vacate his sentence will be denied. A separate Order accompanies this Memorandum Opinion.

/s/ Ellen S. Huvelle
_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:   June 22, 2009

---

[2]The Court specifically notes that petitioner's allegations of prosecutorial misconduct are wholly lacking in merit.